BRIAN DONALD POTTER, OSB #843259
dpotter@nwemployeelaw.com
Attorney at Law
3236 S.W. Kelly Avenue
Suite 101
Portland, Oregon 97239-4679
Telephone: (503) 223-2612
Facsimile: (503) 222-5779

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| COREY RANSIER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CRESTLINE CONSTRUCTION COMPANY, L.L.C., an Oregon limited liability company; and ERIC KERR,<br><br>　　　　Defendants. | No. :<br><br>COMPLAINT<br><br>(RETALIATION; FAILURE TO PAY FINAL WAGES)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

I

## JURISDICTION AND VENUE

1.

Plaintiff brings this action for retaliation under Oregon employment discrimination statutes and for failure to pay final wages under Oregon statute. This Court has jurisdiction of this action pursuant to 28 USC § 1331 because Plaintiff and Defendants are citizens of different

Page 1 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

states and the amount in controversy exceeds $75,000.

2.

All of the alleged acts occurred in the District of Oregon.

II

PARTIES

3.

Plaintiff Corey Ransier is a citizen and resident of Washington.

4.

Defendant Crestline Construction Company, L.L.C. (hereafter "Crestline") is and was at all material times an Oregon limited liability company involved in the construction business.

5.

Defendant Eric Kerr is and was at all material times an Oregon citizen and resident and the general manager of Crestline.

III

STATEMENT OF CLAIMS

Facts

6.

Plaintiff worked for Crestline as a laborer from in or about 2012 until April 22, 2016.

7.

A number of the construction projects on which Crestline worked during Plaintiff's employment with it were through contracts between it and government bodies under which Crestline was obligated by law, rules and regulations to pay its employees prevailing wage rates.

Page 2 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

8.

In or about April 2016, Plaintiff was performing construction work for Crestline at the Chenoweth Business Park on property owned by the Port of The Dalles, Oregon under a contract between Crestline and the Port of The Dalles.

9.

It was Plaintiff's understanding in April 2016 that under Oregon and/or federal law, rules and regulations, Crestline was obligated to pay him prevailing wage rates for the work he was performing at that time at the Chenoweth Business Park on property owned by the Port of The Dalles, Oregon.

10.

On the daily time sheets Plaintiff was to complete for Crestline, he was to list the number of the job project on which he was working for Crestline, and if the project was a prevailing wage job, his writing the prevailing wage job number on the time sheet was to cause Crestline's payroll department to pay him prevailing wage rates for such work.

11.

At the time in question, Plaintiff was performing work on a prevailing wage work project and on his daily time sheets Plaintiff wrote the correct job number for that prevailing wage work project.

12.

On or about April 14, 2016 when Plaintiff submitted a daily time sheet after having written the correct prevailing wage job number on it, the foreman crossed out the prevailing wage job number and instead wrote a job number for a non-prevailing wage job on Plaintiff's time sheet.

Page 3 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

13.

Plaintiff complained to the foreman that the job on which he was working at that time was a prevailing wage job, but the foreman told him that he had been instructed by higher company management to write the job number for a non-prevailing wage job on it.

14.

The next day, the foreman told Plaintiff that he had investigated Plaintiff's complaint and had verified that Plaintiff was correct that the job on which Plaintiff was working was a prevailing wage job. However, the foreman told him that he nevertheless again had been instructed by higher company management to write a non-prevailing wage job number on the time sheets turned in for the work on that project. Plaintiff again complained to that foreman that Plaintiff and the other employees working on that project should be paid prevailing wages.

15.

Plaintiff continued to write the correct prevailing wage job number on the daily time sheets he submitted to his foreman for Plaintiff's work on that project, even though the foreman crossed out the correct job number and instead wrote a non-prevailing wage job number on those time sheets.

16.

On or about April 19 and 21, 2016 Plaintiff invoked Oregon's workers' compensation system by engaging in text message exchanges with Crestline's safety officer raising concerns about Crestline's handling of an on-the-job back injury he suffered while working for Crestline and about his workers' compensation claim related to that injury.

17.

On April 21, 2016 Plaintiff also complained to Crestline's safety officer that Crestline

Page 4 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

was not paying Plaintiff and other employees the prevailing wage rates they were due for the work project they were working on at the time at the Chenoweth Business Park on property owned by the Port of The Dalles.

18.

On April 21, 2016 Plaintiff indicated to Crestline's safety officer that Plaintiff was going to complain to the Port of The Dalles and to the State of Oregon about Crestline not paying required prevailing wages.

19.

On April 21, 2016, Plaintiff made anonymous complaints to the Port of The Dalles and to the Oregon Bureau of Labor and Industries that Crestline was not paying employees, including him, required prevailing wage rates.

20.

Later on April 21, 2016, after Plaintiff complained to the Port of The Dalles that Crestline was not paying employees, including him, prevailing wage rates, a representative of the Port of The Dalles contacted Crestline concerning Plaintiff's complaint that Crestline was not paying required prevailing wage rates.

21.

On April 21, 2016, Defendant Kerr learned of the Port of The Dalles contacting Crestline concerning Plaintiff's complaint that Crestline was not paying required prevailing wage rates.

22.

Early on the morning of April 22, 2016, Plaintiff again complained to Crestline's safety officer that Crestline was not paying him and other employees the prevailing wage rates they were due.

Page 5 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

23.

Later on the morning of April 22, 2016, Plaintiff spoke to Defendant Kerr by telephone at the direction of to Crestline's safety officer.

24.

On information and belief, Plaintiff alleges that sometime prior to Plaintiff's telephone call with Defendant Kerr on the morning of April 22, 2016, Crestline's safety officer relayed to Defendant Kerr Plaintiff's complaints to him about Crestline not paying required prevailing wage rates, Plaintiff's previously stated intention to complain to the Port of The Dalles and to the State of Oregon about Crestline not paying required prevailing wages, and Crestline's handling of an on-the-job back injury he suffered while working for Crestline and his workers' compensation claim related to that injury.

25.

During Plaintiff's telephone call with Defendant Kerr on the morning of April 22, 2016, Plaintiff again complained that Crestline was not paying required prevailing wages.

26.

In that telephone call on April 22, 2016, shortly after Plaintiff so complained, Defendant Kerr on behalf of Crestline terminated Plaintiff from employment with Crestline.

<u>First Claim for Relief</u>

(Retaliation for Making Good Faith Report of Violation of Law - ORS 659A.199)

27.

Plaintiff realleges paragraphs 1 through 26.

28.

Crestline committed an unlawful employment practice under ORS 659A.199 by

Page 6 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

terminating Plaintiff from employment on April 22, 2016 in substantial part because Plaintiff in good faith repeatedly reported information he believed was evidence of a violation of a federal or state law, rule or regulation, i.e., that Crestline was not paying prevailing wage rates required by law.

29.

As a result of Crestline's unlawful employment practice under ORS 659A.199, Plaintiff suffered and is entitled to recover from Crestline economic damages in the form of lost back pay and fringe benefits in an amount to be proven at trial and either reinstatement or, in the alternative, lost future compensation and fringe benefits in an amount to be proven at trial, along with prejudgment and postjudgment interest thereon.

30.

As a further result of Crestline's unlawful employment practice under ORS 659A.199, Plaintiff suffered and is entitled to recover damages for emotional distress all to his non-economic damage in an amount not to exceed $600,000.

31.

Crestline's conduct was willful and wanton and Crestline should be assessed punitive damages in an amount to be set by a jury.

32.

Pursuant to ORS 20.107 and ORS 659A.885(1), Plaintiff also is entitled to his reasonable attorney's fees, expert witness fees, costs, and disbursements.

33.

Plaintiff brings this action within ninety (90) days of a Notice of Right to File a Civil Suit being issued to him by the Civil Rights Division of the Oregon Bureau of Labor and Industries.

Page 7 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

## Second Claim for Relief

(Aiding and Abetting an Unlawful Employment Practice - Defendant Kerr)

34.

Plaintiff realleges paragraphs 1 through 26, 28, 32 and 33.

35.

Defendant Kerr committed an unlawful employment practice under ORS 659A.030(1)(g) by aiding and/or abetting Defendant Crestline's unlawful employment practice of terminating Plaintiff from employment in violation of ORS 659A.199.

36.

As a further result of Defendant Kerr aiding and/or abetting Defendant Crestline's violation of ORS 659A.199, Plaintiff suffered and is entitled to recover damages for emotional distress all to his non-economic damage in an amount to be proven at trial.

37.

Defendant Kerr's conduct was willful and wanton and, pursuant to ORS 659.885(3)(a), Defendant Kerr should be assessed punitive damages in an amount to be set by a jury.

## Third Claim for Relief

(Retaliatory discharge in violation of ORS 652.355)

38.

Plaintiff realleges paragraphs 1 through 26 and 31 through 33.

39.

By his conduct, Plaintiff engaged in conduct protected by ORS 652.355.

40.

Crestline committed an unlawful employment practice under ORS chapter 659A by

Page 8 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

terminating Plaintiff from employment in substantial part because of his conduct protected by ORS 652.355.

41.

As a result of Defendant's discriminating against Plaintiff in violation of ORS 652.355 by discharging him, Plaintiff suffered and is entitled to recover from Crestline economic damages in the form of lost back pay and fringe benefits in an amount to be proven at trial and either reinstatement or, in the alternative, lost future compensation and fringe benefits in an amount to be proven at trial, along with prejudgment and postjudgment interest thereon.

42.

As a further result of Defendant's discriminating against Plaintiff in violation of ORS 652.355 by discharging him, Plaintiff suffered and is entitled to recover damages for emotional distress all to his compensatory damages not to exceed $600,000.

Fourth Claim for Relief

(Aiding and Abetting an Unlawful Employment Practice - Defendant Kerr)

43.

Plaintiff realleges paragraphs 1 through 26, 32, 33, 39 and 40.

44.

Defendant Kerr committed an unlawful employment practice under ORS 659A.030(1)(g) by aiding and/or abetting Defendant Crestline's unlawful employment practice of terminating Plaintiff from employment in violation of ORS 652.355.

45.

As a further result of Defendant Kerr aiding and/or abetting Defendant Crestline's violation of ORS 652.355, Plaintiff suffered and is entitled to recover damages for emotional

Page 9 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

distress all to his compensatory damage in an amount to be proven at trial.

46.

Defendant Kerr's conduct was willful and wanton and, pursuant to ORS 659.885(3)(a), Defendant Kerr should be assessed punitive damages in an amount to be set by a jury.

Fifth Claim for Relief

(Retaliation for Exercise of Workers' Compensation Rights - ORS 659A.040)

47.

Plaintiff realleges paragraphs 1 through 26 and 31 through 33.

48.

Prior to his termination, Plaintiff invoked Oregon's workers' compensation law.

49.

A substantial factor in Crestline's termination of Plaintiff was his invocation of Oregon's workers' compensation law.

50.

By terminating Plaintiff in substantial part because Plaintiff invoked Oregon's workers' compensation law, Crestline committed an unlawful employment practice under ORS 659A.040.

51.

As a result of Crestline's unlawful employment practice under ORS 659A.040, Plaintiff suffered and is entitled to recover from Crestline economic damages in the form of lost back pay and fringe benefits in an amount to be proven at trial and either reinstatement or, in the alternative, lost future compensation and fringe benefits in an amount to be proven at trial, along with prejudgment and postjudgment interest thereon.

Page 10 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

52.

As a further result of Crestline's unlawful employment practice under ORS 659A.040, Plaintiff suffered and is entitled to recover damages for emotional distress all to his non-economic damage in an amount not to exceed $600,000.

Sixth Claim for Relief

(Failure to Pay Wages Upon Termination)

53.

Plaintiff realleges paragraphs 1 through 26.

54.

Following its termination of Plaintiff, Crestline failed to pay Plaintiff all of his final wages, i.e., the difference between the prevailing wages he should have been paid for his work on the prevailing wage project in April, 2016, and the non-prevailing wages he was paid for that work, within the time required by ORS 652.140.

55.

As a result of Defendant's failure to timely pay Plaintiff his final wages following his termination, Plaintiff's wages are deemed to have continued at his normal hourly rate for eight hours per day for thirty days and therefore Plaintiff is entitled to an additional payment under ORS 652.150 in the amount to be proven at trial.

56.

Plaintiff also is entitled to payment of his reasonable attorneys fees and costs pursuant to ORS 652.200.

WHEREFORE, Plaintiff prays for the relief requested in each of his claims alleged above and for such other relief that the Court deems just and equitable and demands a jury trial.

Page 11 - COMPLAINT

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612

DATED this __8th__ day of __March__, 2018.

                                                  __/s/ Brian Donald Potter__
                                                  BRIAN DONALD POTTER, OSB #843259
                                                  Attorney for Plaintiff

BRIAN DONALD POTTER
ATTORNEY AT LAW
3236 S.W. KELLY AVENUE
SUITE 101
PORTLAND, OREGON 97239
(503) 223-2612